Hope FISHER, Plaintiff,

v.

The FASHION INSTITUTE OF TECH-
NOLOGY, Gladys Marcus, Individually
and as Associate Dean of the Depart-
ment of Liberal Arts, Fashion Institute
of Technology Local 1460 (Fashion In-
stitute of Technology Chapter) of the
United Federation of College Teachers,
Local 3457 United College Employees;
George Levinson, Individually and as
The Former Chairman of the Grievance
Committee of Local 3457 of the United
College Employees, Defendants.

No. 78 Civ. 971.

United States District Court,
S. D. New York.

Aug. 15, 1980.

Silvera & Brooks, New York City, for
plaintiff; Agostinho Dias Reis, New York
City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon,
New York City, for defendants Fashion In-
stitute of Technology and Gladys Marcus;
Jonathan D. Warner, New York City, of
counsel.

James R. Sandner, New York City, for
defendants George Levinson and United
College Employees; Susan Bloom Jones,
New York City, of counsel.

## MEMORANDUM AND ORDER

SOFAER, District Judge.

The parties have filed papers on the ques-
tion of attorney's fees. The Court has con-
sidered the following factors, among others:
plaintiff's bad faith in commencing and
prosecuting the litigation; the defendant
FIT's counsel's claim of $625.00 for ex-
penses and $16,500 in fees, based on time
sheets available to plaintiff, and a detailed
explanation; the defendant union's coun-
sel's claim of $7,875.00 in fees, based on no
time sheets and much less detail; rates
charged for time that seem close to reason-
able (averaging around $70 per hour); the
plaintiff's income of $15,000 per year, on
which she must support two dependents;
and the fact that the defendants are a
publicly funded institution and an employ-
ee–supported union.

But for the plaintiff's relative lack of
assets and income, a reasonable fee for FIT
in this case would be at least $10,000, and
for the union at least $2,500. No such sum
however, is necessary to deter suits of this
kind, or reasonable in light of plaintiff's
financial circumstances. Giving weight to
plaintiff's limited means, the proper amount
she should be required to pay is $100 per
month, for a period of three years, a
sufficiently long time to make a strong
impression and to generate sufficient funds

to constitute at least a meaningful recompense for the unjustified expenses she caused. Of the $3,600 thus generated, $3,000 will be allocated to FIT and $600 to the union. In the event plaintiff defaults in any payment, the entire amount will become due. Payments shall commence on the first day of the month that occurs no less than sixty (60) days after final judgment is entered, not including any time necessary for appellate review, during which execution of this judgment shall be stayed. All payments will be made by plaintiff to FIT, and FIT will pay over to the union every sixth payment for the three year period.

Defendants are entitled to the costs caused by plaintiff's counsel's vexatious conduct. 28 U.S.C. § 1927. But in light of the Supreme Court's decision in *Roadway Express Inc. v. Piper*, —— U.S. ——, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), excluding attorney's fees from such costs, the statute has been rendered meaningless to apply in this case.

SO ORDERED.