**KEYSTONE MEDICAL CORPORATION**

v.

**Edward J. ROSNER, Esquire**

v.

**Joseph PY.**

**Civ. A. No. 86–6400.**

United States District Court,
E.D. Pennsylvania.

Nov. 29, 1988.

John L. Thomas, Joan A. Zubras, Saul H. Krenzel, Philadelphia, Pa., for plaintiffs.

Tom P. Monteverde, Philadelphia, Pa., John M. Myers, for Rosner.

David E. Shapiro, Philadelphia, Pa., for Joseph Py.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this Court is the motion of defendant Edward J. Rosner (Rosner) for attorney's fees and costs pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 against Joseph Py (Py), Keystone Medical Corporation (Keystone), Saul Krenzel (Krenzel) and David Shapiro (Shapiro). Additionally before this court is the answer and response thereto of Keystone and Krenzel, and of Py and Shapiro respectively as well as Rosner's reply.

## BACKGROUND

Keystone instituted this action on October 31, 1986 seeking damages for breach of fiduciary duty, conversion, fraud, and unjust enrichment. Following numerous motions filed by both parties, this case was resolved by this court's order enforcing a settlement agreement entered into between the parties on November 16, 1987. Defendant Rosner now seeks attorneys' fees and costs under statutory authority of 28 U.S.C. § 1927 and Fed.R.Civ.P. 11.

## SECTION 1927

Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This court may impose attorneys' fees and costs pursuant to section 1927 only if it finds willful bad faith on the party of the offending attorney. *Ford v. Temple Hospital*, 790 F.2d 342, 347 (3d Cir.1986); *Baker v. Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 209 (3d Cir.1985).

## RULE 11

Federal Rule of Civil Procedure 11 provides, in relevant part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The standard by which this court must review defendant Rosner's motion for Rule

11 attorney's fees is an objective one of reasonableness. *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986). The purpose of Rule 11 is to "discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" *Lieb*, 788 F.2d at 157 *quoting Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986).

The reason for the delay in the performance of the settlement agreement in this case resulted from a genuine dispute of fact between Keystone and Rosner regarding terms for the settlement of a judgment entered against Rosner in an unrelated case. The settlement agreement between plaintiff and defendants, as incorporated in the letter dated November 17, 1987, provides that defendant Py "agreed to see to the satisfaction of the *Schumaker* judgment. In the event cash is required for the satisfaction of said judgment, the amount of said case is to be added to the dollar amount to be paid to Rosner." Settlement Agreement at ¶ 5. Notwithstanding this provision, the case involved sufficiently complex and confusing facts that the precise terms of the settlement agreement were arguably unclear.

On September 16, 1988, following an evidentiary hearing, this court ordered enforcement of the settlement agreement terms set forth in the November 17, 1987 letter and more specifically in the November 24, 1987 draft agreement. The court based its finding principally on the fact that none of the parties objected to the contents of either the letter or the draft agreement. This court at no point found evidence of bad faith or improper purpose on behalf of any of the parties. Therefore, for the foregoing reasons defendant Rosner's motion for attorney's fees and costs pursuant to 28 U.S.C. § 1927 must be denied.

Keystone and Py, through counsel, have filed various motions and pleadings before this court during the pendency of this litigation. This court does not find that arguments in these papers presented by counsel for Keystone and Py were frivolous or unreasonable. Complexities arising from Rosner's settlement in the unrelated case and the various settlement negotiation discussions occurring between counsel for the parties throughout this litigation warrant a finding by this court that counsel did not unreasonably prepare and file papers before this court. Therefore, for the foregoing reasons defendant Rosner's motion for Rule 11 sanctions must be denied.