OKLAHOMA PERSONNEL
SERVICE, Appellee,

v.

ALTERNATE STAFFING, INC.,
and Rose Clark, Appellants.

No. 68850.

Supreme Court of Oklahoma.

Sept. 24, 1991.

Hartzog, Conger & Cason by Valerie K. Couch, Len Cason, Oklahoma City, for appellee.

Cooper, Manchester, Hiltgen & Healy by Richard M. Healy, Stephanie J. Mather, Oklahoma City, for appellant Rose Clark.

HODGES, Vice Chief Justice.

Rose Clark (Clark), defendant and petitioner, was employed by Oklahoma Personnel Service, plaintiff and respondent, as a marketing representative from January 21, 1985, to March 20, 1986. Oklahoma Personnel Service is in the business of placing temporary employees. At the time of employment, Clark signed a contract with a non-competition provision. A non-competition provision is one in which a party to the contract agrees not to engage in certain business activities for a specified period.

While employed at Oklahoma Personnel Service, Clark was part of a team that placed temporary employees. She was paid a base salary. Clark was paid additional compensation that she alleges was based on the hours worked by the temporary employees placed by her team. She also alleges that she received substantially less compensation than a male member of her team, because, as Clark's supervisor told her, "He was a man and had a family to support." Clark alleges that she led sales for all but one month of her employment with Oklahoma Personnel Service. After Clark terminated her employment with Oklahoma Personnel Service, she began operating Alternative Staffing, Inc., a temporary placement service.

On November 19, 1986, Oklahoma Personnel Service filed suit against Alternative Staffing, Inc. and Clark alleging that the defendants had violated the non-competition provision of the employment contract. The defendants answered, and Clark filed a counterclaim alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII); the Federal Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Oklahoma Anti-Discrimination Act, Okla.Stat. tit. 25, § 1301 et seq.; and the Oklahoma Equal Pay Act, Okla.Stat. tit. 40, §§ 198.1–.2.

The cause against Alternative Staffing, Inc. was dismissed, leaving Clark as the sole defendant. The trial court found that the employment contract was not enforceable and granted Clark's motion for summary judgment but denied her motion for attorney fees.

Oklahoma Personnel Service filed a motion to dismiss the counterclaims. Clark did not oppose the dismissal of the Title VII claim. The trial court dismissed the counterclaims, treating the motion as one for summary judgment, and granted Oklahoma Personnel Service's motion for attorney fees. Clark appealed and, the Court of Appeals affirmed the trial court.

The questions presented in the Petition for Certiorari are: (1) Whether the district court had jurisdiction to consider Clark's claim brought under the Federal Equal Pay Act; (2) Whether the Oklahoma Equal Pay Act precludes a private cause of action for violation of that act, and in the alternative, whether it is necessary to exhaust all administrative remedies before bringing suit in district court; (3) Whether failure to exhaust administrative remedies will preclude a civil action under the Oklahoma Anti-Discrimination Act; (4) Whether the trial court erred by awarding attorney fees to Oklahoma Personnel Service; and (5) Whether the trial court erred by denying Clark attorney fees as the prevailing party under Okla.Stat. tit. 12, § 936 (1981), for the successful defense of a suit on the employment contract. We are limiting certiorari, which has been previously granted, to the issues involving the Federal Equal Pay Act (Act) and the award of attorney fees to Oklahoma Personnel Service. Therefore, we will address only those issues.

We will first address the issue involving the Federal Equal Pay Act. There

is nothing in the Federal Equal Pay Act that requires the exhaustion of administrative remedies before filing a law suit. In *County of Washington v. Gunther*, 452 U.S. 161, 175 n. 14, 101 S.Ct. 2242, 2250–51 n. 14, 68 L.Ed.2d 751 (1981), the United States Supreme Court stated: "[T]he Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts." Clark was not required to exhaust administrative remedies before filing an action based on the Act.

The purpose of the Act is to prevent disparity in pay based on sex. The Acts' four affirmative defenses authorize a difference in pay based on "seniority, merit, quantity or quality of production, or 'any factor other than sex.' " *Id.* at 168–69, 101 S.Ct. at 2247. The trial court, like the Court of Appeals, found that the differential in pay in this case was based on the quantity or quality of production. Both decisions were based on Robert A. Funk's statement that "Clark was paid on the basis of a base compensation, plus sales commissions and incentives, which incentive pay system is based on longevity, merit and quantity and quality of production" and Clark's statement that "her additional compensation was paid on production ... as a team." However, she averred that her "additional compensation was substantially less, expressed as a monetary amount per hour of temporary help, than the additional compensation paid to" her male teammate. Further, she alleged she was told the disparity in additional compensation was a result of her teammate being a man and having a family to support. Clark never received the opportunity to show that the difference in pay was not based on production.

■ Summary judgment should be granted only when there is no genuine issue of material fact. Okla.Stat. tit. 12, ch. 2, rule 13(e) (Supp.1984). Clark's affidavit amply supported her allegations. Clark stated facts, supported by evidentiary material, sufficient to withstand a motion for summary judgment against her. The trial court erred in granting summary judgment on the issue concerning the Federal Equal Pay Act.

■ We turn now to the issue of whether the trial court properly awarded attorney fees to Oklahoma Personnel Service under Title VII. A district court may award attorney fees to a successful defendant in a Title VII case if the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Clark pursued the Title VII action only after Oklahoma Personnel Service sued her. Once it was brought to her attention that the action could not be maintained without having first sought relief through the administrative process, Clark immediately consented to its dismissal which was only a month after the counterclaim was filed. The record does not support a finding that the Title VII claim was pursued frivolously, unreasonably, or without foundation. *See Ford v. Temple Hosp.*, 790 F.2d 342, 348–49 (3rd Cir.1986). Thus, the attorney fees should not have been imposed against Clark.

The trial court erred in granting judgment on the Federal Equal Pay Act claim and in awarding attorney fees against Clark on the Title VII claim.

CERTIORARI PREVIOUSLY GRANTED AND LIMITED HEREIN; COURT OF APPEALS' OPINION VACATED IN PART; DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED.

All the Justices concur.