

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2005

# Wastak v. Lehigh Valley Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Wastak v. Lehigh Valley Health" (2005). *2005 Decisions.* Paper 1307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3039

———

JOHN R. WASTAK,
                              Appellant

v.

LEHIGH VALLEY HEALTH
NETWORK, INC.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-04797
District Judge:  The Honorable Herbert J. Hutton

———

Argued:  April 6, 2005

———

Before: BARRY, AMBRO, and GREENBERG, Circuit Judges

———

(Opinion Filed: April 27, 2005)

———


Donald P. Russo, Esq. (Argued)
117 East Broad Street
P.O. Box 1890
Bethlehem, PA  18016

Counsel for Appellant

Anne N. Occhialino, Esq. (Argued)
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

Counsel for Amicus-Appellant


Jonathan B. Sprague, Esq. (Argued)
Post & Schell
1600 John F. Kennedy Boulevard
Four Penn Center, 13th Floor
Philadelphia, PA 19103

Counsel for Appellee

_____

OPINION

_____


BARRY, Circuit Judge

Appellant John Wastak ("Wastak") challenges an order of the District Court which granted his former employer's petition for attorneys' fees and costs following his unsuccessful employment discrimination action. Because we conclude that the District Court's finding that Wastak litigated in bad faith was clearly erroneous, we will reverse.

I.

Wastak was fifty-seven years old when he was terminated by Lehigh Valley Health Network ("LVHN") on March 12, 1998. In exchange for thirty-six weeks of severance benefits, Wastak executed a Separation Agreement and Release ("Release") whereby he

expressly waived all employment-related claims against LVHN, including claims under the ADEA.

On the date of his termination, LVHN informed Wastak that it intended to hire a replacement to fill his position. Some time later, Wastak learned that LVHN had in fact replaced him with a younger woman. At that point, believing that he had been the subject of age discrimination, Wastak secured legal counsel. On July 20, 1999 – 495 days after his termination – Wastak filed a charge of age discrimination with the EEOC. On March 1, 2000, the EEOC dismissed the charge as untimely, citing 29 U.S.C. § 626(d)(2), which required that Wastak file within 300 days of the accrual of the cause of action.

Wastak subsequently filed suit in Pennsylvania state court, claiming age discrimination in violation of both the ADEA and the Pennsylvania Human Relations Act. LVHN removed the action to federal court. On March 27, 2002, the District Court granted LVHN's motion for summary judgment on the basis of the Release. Notably, the District Court had previously denied LVHN's motion to dismiss the action as time-barred.

Rejecting a series of arguments advanced by Wastak to support his position that the Release was either invalid or inapplicable to his ADEA claim,[1] we affirmed the order of the District Court. The District Court thereafter proceeded to consider LVHN's petition for costs and attorneys' fees, which had been stayed pending appeal. Finding that

_____

[1]Wastak v. Lehigh Valley Health Network, 342 F.3d 281 (3d Cir. 2003). This decision vacated an earlier decision as to which panel rehearing was granted.

3

Wastak had litigated in bad faith, the District Court granted the petition.[2]  This appeal

followed.

## II.

"[A] district court's finding of bad faith or the absence of bad faith in a particular

case is a factual determination and may be reversed only if it is clearly erroneous."  Ford

v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986); see Fed. R. Civ. P. 52(a).  Under this

standard, we must accept the District Court's finding of bad faith unless "on the entire

evidence [we are] left with the definite and firm conviction that a mistake has been

committed."  United States v. Igbonwa, 120 F.3d 437, 440 (3d Cir. 1997).  When a

litigant's bad faith is established, "the appropriateness of assessing attorneys' fees . . . is a

matter for the district court's discretion."  Ford, 790 F.3d at 347.  Accordingly, were we

to agree with the District Court that Wastak litigated in bad faith, we would review the

decision to award attorneys' fees for abuse of discretion.

## III.

The District Court offered two bases – and, perhaps, three, but it is far from clear –

for its finding that Wastak litigated in bad faith: (1) the fact that Wastak "knowingly

misrepresented to the Court" in a verified affidavit; and (2) the fact that Wastak pursued a

claim that he knew to be untimely.  We conclude that neither basis was evidence of bad

---

[2]A litigant's bad faith is a recognized exception to the "American rule" of fee shifting followed by the federal courts.  See Alyeska Pipeline Serv. Co. v. Wilderness, 421 U.S. 240, 258-59 (1995) ("[A] court may assess attorneys' fees . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation omitted)).

faith.

Having parsed the language of Wastak's very brief affidavit and examined the affidavit alongside his deposition testimony, we are unable to identify any statement in the affidavit which is false, and the District Court was wholly nonspecific. To that extent that the Court appears to have been suggesting that Wastak said one thing in his affidavit about his mental state at the time of his termination and another thing at his deposition, we reject that suggestion. While Wastak made clear in his deposition that he neither sought treatment nor obtained a prescription before signing the Release, there is nothing in his affidavit which states to the contrary and, indeed, there is no dispute that he sought psychological treatment and was eventually prescribed medication.

We also reject the notion that Wastak manifested bad faith by pursuing an action which he knew to be untimely. Wastak presented a non-frivolous argument for equitable tolling, which was never considered on the merits in the underlying litigation. Moreover, early on, the District Court denied LVHN's motion to dismiss the action as time-barred, which could well have led Wastak to believe that his tolling theory was meritorious.

## IV.

Upon review of the record, we are convinced that a mistake has been committed and that the District Court's finding of bad faith was clearly erroneous. Accordingly, we will reverse the January 7, 2004 and June 21, 2004 orders of the District Court.

5