Daniel DUGAN, Jr.

v.

John KERRIGAN, Badge # 3516, Individually and as a Police Officer of the City of Philadelphia and Joseph F. O'Neill, Individually and as Police Commissioner of the City of Philadelphia and City of Philadelphia.

Civ. A. No. 77-1530.

United States District Court,
E. D. Pennsylvania.

June 30, 1978.

Leonard B. Sokolove, Bristol, Pa., for plaintiff.

Thaddeus Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Daniel Dugan, Jr., brought suit against the City of Philadelphia, Police Commissioner Joseph F. O'Neill and John Kerrigan, a Philadelphia police officer, to recover damages for alleged violations of his constitutional rights under 42 U.S.C. §§ 1981–88. Before discovery was commenced the plaintiff stipulated to the dismissal of the City and Commissioner O'Neill. The case against Officer Kerrigan proceeded to trial before a jury. The jury returned a verdict in favor of the defendant on January 11, 1978. The matter is before the Court at this time on defendant's motion asking for an award of attorney's fees. For the reasons hereinafter set forth, the motion will be denied.

The plaintiff alleged at trial that (1) the defendant arrested him without a warrant and without probable cause; (2) the defendant struck him with a blackjack without having any reason to do so; and (3) the

defendant incarcerated him without charges having been lodged against him. The defendant admitted having arrested the plaintiff, denied having struck him and denied incarcerating him without lodging charges. At trial the plaintiff and four of his friends, all about eighteen years of age at the time of the incident, testified that on December 6, 1976 at about 11:30 p. m. they drove into a Jack-in-the-Box restaurant, and they pulled into the lane provided for customers who wanted to order and pick up their food without going into the restaurant. After having received their food and having paid for it, the driver of the car pulled into a spot on the parking lot. At that point, according to the plaintiff and his witnesses, the defendant drove his police car next to their car and began to berate them for littering. They told the officer that they just arrived, had not unwrapped their food, and therefore had not littered. After an exchange of words the police officer arrested the plaintiff, who had been sitting in the back seat.

The plaintiff testified that after his arrest he was taken to the police station, where the defendant struck him twice on the head with a blackjack, put him into a cell, and then released him a few hours later. Plaintiff stated that upon release he was taken to the hospital where he was treated for a concussion.

The defendant testified that he drove into the Jack-in-the-Box restaurant on the night in question and saw the plaintiff standing by himself in the middle of the parking lot shouting obscenities at someone who was getting into a car. The defendant stated that he went over to the plaintiff, warned him to be quiet, and then arrested him. The defendant testified that the plaintiff was staggering, that his speech was slurred, and that he fell and bumped his head getting into the police van. The defendant denied striking the plaintiff, and

claimed that he locked him in a cell for a few hours to dry out.

Other police officers who were on duty at the police station on the night in question testified that they did not observe the plaintiff being struck.

The motion for attorney's fees filed by the defendant is made pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The defendant argues that the Act permits the Court to award the prevailing party a reasonable attorney's fee, that he was the prevailing party in this lawsuit, and that this Court should therefore award him $4,040.00 in attorney fees. It is contended that since the jury apparently believed the officer's testimony and did not believe the plaintiff and his witnesses, the plaintiff's case was frivolous, unreasonable and groundless. The plaintiff contends that defendant's attorney's fees are discretionary with the Court, that such fees should be awarded only in the event the Court finds that the case presented by the plaintiff was frivolous, unreasonable and groundless, and that the testimony was such that a jury could have justifiably rendered a verdict for either party.[1]

Title 42, U.S.C. § 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title . . . or title VII of the Civil Rights Act of 1964, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Early this year the United States Supreme Court had the opportunity to address the question of under what circumstances an attorney's fee should be allowed when the defendant is the prevailing party in a Title VII action in *Christianberg Garment Company v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54

1. The plaintiff also points out that the defendant in this case does not allege that he paid or is liable for any attorney's fee. The attorney who represented the defendant has signed the pleadings in this action as "Assistant City Solicitor."

72

L.Ed.2d 648 (U.S.S.Ct.1978).[2] In *Christianberg*, the Court stated, slip at 9, that:

> a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation . . . .

The Court cautioned that the mere fact that a plaintiff does not ultimately prevail is not an adequate basis for finding that his action was unreasonable or without foundation. The Court reasoned that to award attorney's fees to a defendant solely on the basis that he prevailed

> could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. *Id.*

Recently the Third Circuit in *Hughes v. Repko*, 578 F.2d 483, at 489 (3d Cir. 1978), in affirming a district court's denial of attorney's fee to a prevailing defendant in a civil rights case stated:

> the district court found that plaintiffs proceeded in good faith on the advice of counsel [and] . . . that the action was not brought to harass, embarrass, or abuse defendants. Given these findings, which are not attacked, we think they negate any possible finding of the type required by the Supreme Court in such cases before a prevailing defendant may recover an attorney's fee.

We find that although the defendant obtained a jury verdict, the plaintiff's action was clearly not frivolous, unreasonable, groundless or without foundation. On the contrary, we find that the plaintiff had an honest belief that he had suffered a violation of his civil rights under 42 U.S.C. § 1983, and that this belief was a reasonable one. Furthermore, we find that the plaintiff acted in good faith in bringing this suit. There is no evidence that the plaintiff brought this action to harass, embarrass or abuse the defendant. Accordingly, an order will be entered denying the defendant's motion for attorney's fees.

---

**2.** Although in *Christianberg*, the Court was considering 42 U.S.C. § 2000e–5, 42 U.S.C. § 1988 contains substantially identical language.