Richard A. HINCKLEY, on behalf of
himself and all others
similarly situated

v.

E.I. DU PONT DE NEMOURS AND
COMPANY and Conoco Inc.

Civ. A. No. 82–1283.

United States District Court,
E.D. Pennsylvania.

June 30, 1983.

## MEMORANDUM OPINION
## AND ORDER

WEINER, District Judge.

Before the court in this class action under Sections 10(b) and 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n(e), is plaintiffs' counsel's petition for attorneys' fees and expenses. Suit was initiated against defendants, E.I. duPont de Nemours and Co. (duPont) and its subsidiary Conoco Inc. (New Conoco), on behalf of the class of shareholders of the former Conoco Inc. (Old Conoco) who tendered Old Conoco shares to defendants, with an election for cash, between August 5, 1981 and August 13, 1981.

Plaintiffs filed a motion for partial summary judgment approximately one month after the commencement of the action. Expedited discovery was initiated and a motion for class certification was filed. Approximately seven and one-half months after the filing of the complaint, settlement negotiations proved fruitful. Defendants agreed to place $4,900,000.00 into an interest bearing settlement fund, which is expected to yield about $5.00 per share to the members of the settlement class. Petitioners, the law firm of Dilworth, Paxson, Kalish & Kauffman, now move for an award of attorneys' fees in the amount of $837,-000 and costs in the amount of $18,721.24 for services rendered through December 31, 1982. By supplemental petition,[1] the law firm requests additional fees in the amount of $29,767.50 by advocating reduction of the proposed multiplier from 3.5 to 3.1. Additional costs are also sought in the amount of $12,202.86. A hearing was held on the original petition on January 31, 1983. The following represents my findings of fact and conclusions of law with respect to the petitions for attorneys' fees and costs.

## I. FEE ENTITLEMENT PRINCIPLES

■ It is well settled that the award of fees under the equitable or common fund doctrine is proper. *See Boeing Co. v. Van*

*Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980) (citing cases); *Silberman v. Bogle*, 683 F.2d 62, 64 (3d Cir.1982). In this circuit, the calculation of such an award is governed by the principles announced in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*) and 540 F.2d 102 (3d Cir.1976) (en banc) (*Lindy II*) and its progeny. *See, Merola v. Atlantic Richfield Co.*, 493 F.2d 292 (3d Cir.1974) (*Merola I*); *Merola v. Atlantic Richfield Co.*, 515 F.2d 165 (3d Cir. 1975) (*Merola II*); *Prandini v. National Tea Co.*, 557 F.2d 1015 (3d Cir.1977) (*Prandini I*); *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir.1978) (*Prandini II*); *Rodriguez v. Taylor*, 569 F.2d 1231 (3d Cir.1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); *Hughes v. Repko*, 578 F.2d 483 (3d Cir.1978); *Walker v. Robbins Hose Co. No. 1, Inc.*, 622 F.2d 692 (3d Cir.1980).

■ The Court of Appeals recently summarized the standards governing the award of attorneys' fees as follows:

A district court must first inquire into the hours spent by the attorneys on their services and value those services by multiplying the hours billed by a reasonable hourly rate. This amount constitutes 'the lodestar of the court's fee determination, [to be modified by] at least two factors that must be taken into account.' *Lindy I*, 487 F.2d at 168. One factor is the contingent nature of success which may increase the recovery. The second factor is 'the extent, if any, to which the quality of an attorney's work mandates increasing or decreasing the amount to which the court has found the attorney reasonably entitled.' *Id.* at 168. Such an increase or decrease is intended to take into account only an unusual degree of skill, superior or inferior, exhibited by counsel in the specific case before the court. The general quality of the attorney's practice and reputation is not to be considered in setting this factor, but en-

---

1. The supplemental petition is for services rendered and costs incurred from January 1, 1983 through May 2, 1983. No objections were filed to these petitions.

ters instead into the determination of the reasonable hourly rate. Moreover, while a district court is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to him, a hearing must be held if factual determinations are needed.

*Silberman v. Bogle*, 683 F.2d at 64. As this court endeavors to apply the *Lindy* formula, we note Judge McGlynn's recent and extended foray into this area. *See In Re: Fine Paper Antitrust Litigation*, 98 F.R.D. 48 at 68 (E.D.Pa.1983). While the court does not intimate that there was any abuse in the instant case, the court will examine carefully the interests of the class members in determining the propriety of a fee award especially when the fee petition is unopposed and is not an adversary proceeding. *See In Re Water Heater Antitrust Litigation*, MDL 374, Slip Op. at 5 (E.D.Pa. August 8, 1980) (citing cases).

## II. LODESTAR

■ The lodestar consists of (1) the number of hours reasonably expended by counsel which created, protected or preserved the fund, *Lindy II*, 540 F.2d at 111, multiplied by (2) the reasonable hourly rate for the attorney's services, *Lindy I*, 487 F.2d at 167.

■ Unique evaluations are involved in assessment of each factor. The reasonable number of hours is a question of fact to be determined by the court. *See Entin v. Barg*, 412 F.Supp. 508 (E.D.Pa.1976). And the burden is on counsel to file adequately documented applications for fees detailing the time spent for each task. "[T]hose who fail to meet that burden do so at their own risk." *In Re Equity Funding Corporation Securities Litigation*, 438 F.Supp. 1303, 1327 (C.D.Cal.1977) (adopting the reasoning of *Lindy*). The second component of the lodestar, the reasonable hourly rate, is not as susceptible to documentation. This figure is based upon the attorney's legal reputation, status and experience. *See Lindy I*, 487 F.2d at 167. Obviously, the normal billing rate of the attor-

ney provides a starting point, but it is not necessarily the reasonable rate. *See Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1217–18 (3d Cir.1978).

Preliminarily, I note that petitioner's proposed reduction of the requested multiplier in lieu of calculating the lodestar anew is contrary to the principles of *Lindy* and, therefore, will not be followed. The supplemental petition will be analyzed under the traditional lodestar approach. Upon review of the extensive affidavits submitted by the petitioner, I find that the total number of hours for which compensation is sought were not all expended to benefit the fund. When the work of each attorney is compared, it is clear that a portion of the hours devoted to research and review by the principal attorneys, Messrs. Pittinsky, Berger and Hittinger, were somewhat duplicative. *See Prandini v. National Tea, supra*, 585 F.2d at 51. Furthermore, there is insufficient itemization of time with regard to references such as review and analysis, telephone conferences, and discussions. Thus, where numerous hours are listed for a particular week, without a more informative breakdown, I find that the petitioners have failed to sustain their burden of adequately describing the work performed. Moreover, the time claimed for some weeks in relation to the nature of the work described appears excessive on its face. Finally, I find that hourly rates requested of all attorneys, except for Theodore Young, are somewhat high because much of the work performed was administrative and investigative in nature and, therefore, should not be compensated at the full hourly rate. Because it is impossible to distinguish precisely between the administrative or clerical work and the "legal" work in the petition, I will apply the reduced hourly rate to all hours found compensable. *See Silberman v. Bogle*, No. 77–3753, Slip Op. at 9 (E.D.Pa.1981), *aff'd*, 683 F.2d 62 (3d Cir. 1982).

Based upon the aforementioned determinations, the lodestar calculation is as follows:

| Attorney | Hours Claimed | Hours Allowed | Hourly Rate | Amount Allowed |
|---|---|---|---|---|
| | Pre 1983/Post 1983 | Pre 1983/Post 1983 | | Pre 1983/Post 1983 |
| Pittinsky | 380/11.50 | 345/11.50 | $120.00 | $41,400/$1380. |
| Berger | 836.75/118.50 | 781.75/100 | $100.00 | $78,175/$10,000. |
| Hittinger | 582.25/139 | 530/109 | $ 65.00 | $34,450/$7,085. |
| Brokans | 136.25/NA * | 116.25/NA * | $ 50.00 | $ 5,812.50/NA * |
| Young | 15.50/NA * | 15.50/NA * | $135.00 | $ 2,092.50/NA * |
| Support Personnel [2] | | | | |
| Wyatt (Librarian) | 13.25/NA * | 10.00/NA * | $ 35.00 | $ 350/NA * |
| Hayne (Paralegal) | 7.50/NA * | 5/NA * | $ 25.00 | $ 125/NA * |
| | | | TOTAL | $162,405/$18,465 |
| | | GRAND TOTAL | | $180,870.00 |

* Not Applicable

In addition, I find that the amount sought for expenses in both petitions is reasonable. Thus, $30,924.10 is awarded.

### III. MULTIPLIER

█ In determining the reasonableness of the fee, the lodestar or objective value of the case may be adjusted to account for the presence of exceptional circumstances. Two significant factors have been identified by the Court of Appeals as possible exceptional circumstances which might justify adjustment of the lodestar figure in this type of case: (1) the contingent nature of success, and (2) the quality of the work performed in the particular case. *See Lindy I, supra* at 169; *Lindy II, supra,* 540 F.2d at 117. Petitioners request an upward adjustment by a multiplier of 3.5 based on these factors.[3]

█ Without reiterating the Court of Appeals' further explication of these factors, I find that a multiplier of 3.0 for both the contingent nature of success and the quality of the attorneys' work is warranted. This case was both factually and legal-ly complex. The scienter requirement of § 10(b) of the Securities Exchange Act presented an initial hurdle because the defendants hired an exchange agent to determine the number of tendered shares. The class certification question hinged upon a somewhat novel interpretation of Pennsylvania's choice of law standards. These complexities increased the risk of an unfavorable jury verdict had the case gone to trial. Despite those formidable obstacles, the petitioners obtained a favorable settlement for the class in only seven and one-half months without the benefit of prior civil or criminal litigation. *See Merola II,* 515 F.2d at 168–69. Moreover, the petitioners undertook their litigation on a contingent basis. Also, a comparatively limited number of hours produced a substantial settlement in relation to the amount of a possible verdict. Notwithstanding my comments regarding the hours claimed in the lodestar, I find that the representation of the class in this case demonstrated a high degree of professional skill and judgment which resulted in a substantial benefit to the class.

**2.** I find that both the hourly rates and the time claimed for the work performed is excessive. For example, three-quarters of an hour is sought to obtain one slip opinion from this court, and one-half hour is claimed for research to find the name of an attorney in a case.

**3.** See Footnote # 1.

## IV. CONCLUSION

The final *Lindy* calculation is as follows:

| | | |
|---|---|---|
| I. | Lodestar | $180,870.00 |
| II. | Multiplier | × 3.0 |
| III. | Total Attorneys Fees | $542,610.00 |
| IV. | Expenses | 30,924.10 |
| | TOTAL AWARD | $573,534.10 |

## ORDER

AND NOW this 30th day of June, 1983, for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

Attorneys' fees are awarded to petitioners, Dilworth, Paxson, Kalish & Kauffman, in the amount of $542,610.00, and expenses in the amount of $30,924.10, a total of $573,534.10.

IT IS SO ORDERED.