Joseph COSTELLO, III and
Michael Caponigro

v.

Frank DADDARIO, Individually and as Deputy Sheriff of the City of Philadelphia, Philadelphia Police Officers Linda Rizzado, Badge No. 5219 and Thomas, Badge No. 3665, Spagna, Badge No. 3934, and McRay, Badge No. 2254, Savage, Badge No. 9742, and Padden, Badge No. 6959, and Philadelphia Police Sergeant Hines, Badge No. 544, Ralph Passio, III, Sheriff of the City of Philadelphia, Matthew Carifiello, Undersheriff of the City of Philadelphia, and City of Philadelphia.

Civ. No. 87–7488.

United States District Court,
E.D. Pennsylvania.

April 12, 1989.

Clifford B. Cohn, Philadelphia, Pa., for plaintiffs.

Donna Mouzayck, Divisional Deputy City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Presently pending before the court are the court's *sua sponte* order for plaintiffs' attorney to show cause why sanctions pursuant to Federal Rule of Civil Procedure 11 should not be imposed for filing the complaint in this action; defendants' petition for attorney's fees and costs pursuant to

Rule 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988;[1] plaintiffs' motion for attorney's fees pursuant to 42 U.S.C. § 1988; and plaintiffs' application for delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

Plaintiffs, Joseph Costello and Michael Caponigro, brought suit for injuries allegedly sustained during plaintiffs' arrest in October 1985. Named as defendants were Philadelphia's Deputy Sheriff Frank Daddario, the City of Philadelphia, Philadelphia's Sheriff and Undersheriff, and seven Philadelphia police officers. Plaintiffs alleged violations of the first, fourth, fifth, eighth, and fourteenth amendments to the United States Constitution and of 42 U.S.C. §§ 1983, 1985, 1986 and 1988; plaintiffs also alleged state law assault and battery by the officers and state law negligence in training the officers and sheriffs by the City and supervising officers. At the close of a five-day jury trial, on consent of all parties, the court: (1) dismissed the claims against all defendants but Deputy Sheriff Daddario, and (2) instructed the jury only on plaintiffs' section 1983 claim against Deputy Sheriff Daddario. The jury returned a verdict of $637 in compensatory and $10,000 in punitive damages for plaintiff Costello, and $10,321 in compensatory and $10,000 in punitive damages for plaintiff Caponigro.

For the reasons that follow, I will grant attorney's fees to plaintiffs pursuant to 42 U.S.C. § 1988, but will not award any other sanctions, fees, or damages.

*I. Rule 11 Sanctions Against Plaintiffs' Attorney*

This court ordered plaintiffs' attorney, Clifford Cohn, Esq., to show cause why Rule 11 sanctions should not be imposed on the basis of his inclusion in the complaint of the seven police officers named as defendants. The order to show cause noted that both plaintiffs testified that they had no

knowledge of being injured by any of the named police officers and that the plaintiffs did not inform Mr. Cohn of any such injury. Costello testimony, N.T. 1–6 (Dec. 8, 1988); Caponigro testimony, N.T. 33–34, 39 (Dec. 9, 1989). In addition, plaintiffs presented no evidence at trial that linked their injuries to the defendant police officers.

At the show cause hearing, Mr. Cohn disclosed the information upon which he had relied in drafting the complaint. This information consisted largely of the police reports filed by the various officers at the scene, recording both the events on the day plaintiffs were arrested and subsequent interviews with Deputy Sheriff Daddario and witnesses. Opp. to Order, Exhs. A–E, I. In drafting the complaint, Mr. Cohn had also relied on plaintiff Caponigro's hospital admission records, which stated that Mr. Caponigro was "hit by a night stick" in a "fight with police." Exh. F. At the hearing, Mr. Cohn stressed that the pressures of filing a timely complaint prevented him from conducting further investigation prior to filing. Mr. Cohn noted that neither of his clients could identify any particular officer as having assaulted him, with the result that Mr. Cohn could not—in drafting the complaint under time pressures for filing that precluded further investigation—responsibly omit from the category of named defendants any of the police officers present when plaintiffs were arrested.

■ Upon review of the records provided by Mr. Cohn, I conclude that his inclusion as defendants of all officers present at the plaintiffs' arrest was, to the best of his knowledge, information, and belief at the time the complaint was filed, "well grounded in fact and ... warranted by existing law." Fed.R.Civ.Proc. 11. Although it may be said that Mr. Cohn did not work very hard to distinguish those persons who were realistic targets of this civil suit from others whose roles were peripheral,[2] gener-

---

1. Defendants' petition for attorney's fees and costs is made by all the dismissed defendants except Officer Padden. This omission appears to be an oversight.

2. For example, it may be noted that the reports of the officers suggest that Officer Savage, Officer Padden and Sergeant Hines arrived on the scene at or after the time that other officers

al descriptions of actions by "police" in the record provide some justification for Mr. Cohn's selection of defendants. Thus, at the time counsel prepared the complaint, he reasonably could have believed that inclusion of all seven police officers was proper to preserve all possible claims within the statute of limitations. *See* Advisory Committee Note to Fed.R.Civ.Proc. 11 ("The court should avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted"); *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985).

I will therefore not impose Rule 11 sanctions on Mr. Cohn for the filing of the complaint. As the motion for Rule 11 sanctions by the dismissed defendants presents the same information upon which the court relied in its order to show cause, and is likewise rebutted by the evidence provided at the show cause hearing, defendants' motion for Rule 11 sanctions is denied.

*II. Defendants' Fees under 28 U.S.C. § 1927*

In addition to moving for sanctions under Rule 11, the dismissed defendants move for fees and costs pursuant to 28 U.S.C. § 1927, which allows the court to order an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Defendants contend that Mr. Cohn behaved vexatiously in three ways: (1) in naming ten defendants—seven police officers, the Sheriff and Undersheriff, and the City—who were dismissed from the action; (2) in refusing to stipulate to the substitution of an arbitrator, yet later filing no

response to the defendants' motion for substitution; and (3) in producing a report by plaintiff Caponigro's chiropractor that the court refused to admit as an expert report. Defendants calculate that their counsel expended 39.47 unnecessary hours in response to the above actions by plaintiffs' counsel. Def. Motion, Exh. A.

In determining whether imposition of the sanctions contemplated by section 1927 is called for, the question to be addressed is whether the attorney sought to be sanctioned is fairly chargeable with "actions taken which are tantamount to willful bad faith." *Baker Indus. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir.1985). I will consider the three grounds asserted by defendants seriatim.

1. I have already determined that the naming as defendants of the seven police officers was justified. Nothing has been adduced to suggest that the naming of the Sheriff and the Undersheriff was not also justified. Accordingly, I find the first ground asserted for the imposition of section 1927 sanctions unpersuasive.[3]

Defendants' second argument for imposition of costs under section 1927 is based on plaintiffs' refusal to stipulate to substitution of an arbitrator. One arbitrator had notified the court and parties of his previous representation of Mr. Cohn in an unrelated action, but did not ask to be excused. Two days before the scheduled arbitration, defendants moved for a brief continuance and for appointment of a substitute arbitrator to avoid the appearance of impropriety. Plaintiffs did not file an opposition to defendants' motion, which the court granted. Order of Aug. 10, 1988.

■ Mr. Cohn's actions were less than considerate of the time of the court and parties. However, he was not obliged to stipulate to the substitution or to oppose

---

were putting plaintiffs into police vehicles. Exh. I.

**3.** Defendants do not press the additional possibility that Mr. Cohn's failure to dismiss the moving defendants after the close of discovery could have violated § 1927. *See, e.g., Ford v. Temple Hosp.*, 790 F.2d 342 (3d Cir.1986) (finding initiation of suit not vexatious, but continua-

tion of it after defendant's filing of a summary judgment motion that clearly established the action's untimeliness was). Unlike the defendants in *Ford*, the present defendants did not file a summary judgment motion or otherwise identify a point at which pursuit of the claims against them would necessarily reveal bad faith.

the defendants' later motion. There is no evidence that bad faith or a desire to harass or delay motivated his positions regarding the arbitrator. *Cf. Morris v. Adams–Millis Corp.,* 758 F.2d 1352 (10th Cir.1985) (affirming on procedural grounds the court's imposition of costs for plaintiff's failure to respond to dispositive summary judgment motion). The substitution resulted in only a brief postponement of the arbitration, much of which was attributable to the defendants' delay in filing their motion. I thus do not find evidence of misbehavior warranting sanctions under section 1927.

■ 3. Defendants' third basis for requesting costs under section 1927 is plaintiffs' identification of chiropractor Marc Cohen as an expert witness on the subject of plaintiff Caponigro's injuries. Plaintiffs brought this witness into the case after the August 1988 arbitration. Defendants argued that Dr. Cohen was not qualified as an expert to address plaintiff Caponigro's skull fracture, and that he never even examined plaintiff Caponigro. Although plaintiffs certainly risked exclusion of the "expert report," their last-minute recruitment of Dr. Cohen does not appear to have been "an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.,* harassment or delay." *Ford v. Temple Hospital,* 790 F.2d 342, 347 (3d Cir.1986). To the contrary, Mr. Cohn apparently intended to use the report. His action, which provoked defendants' expenditure of slightly over one hour to prepare a rebuttal, does not warrant an award of costs under section 1927.

### III. Defendants' Fees under 42 U.S.C. § 1988

■ Defendants' final claim for costs is for attorney's fees under section 1988 of the civil rights statutes, under which "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Although an award of fees to a defendant does not require that the plaintiff acted in actual bad faith, a defendant is not automatically entitled to fees under the statute simply because the plaintiff failed to prevail in his or her claims. Rather, a district court may exercise its discretion to award attorney's fees to a prevailing defendant on "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co., v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (applying fee statute of § 706(k) of Title VII); *see, e.g., Nash v. Reedel,* 86 F.R.D. 16 (E.D.Pa.1980) (granting defendants fees under § 1988); *Dugan v. Kerrigan,* 453 F.Supp. 70 (E.D. Pa.1978) (denying dismissed defendant officers' fees under § 1988).[4]

The defendants in this action all faced essentially the same charges. The fact that the moving defendants were dismissed at the close of the plaintiffs' case does not, without more, justify an award of fees under section 1988. *See id.*[5] As discussed above, I do not find that plaintiffs' initiation of the claim against the moving defendants, to have been in bad faith. I will therefore deny defendants' petition for fees under section 1988.

### IV. Plaintiffs' Fees under 42 U.S.C. § 1988

Plaintiffs have also moved for fees and costs, contending that they, rather than defendants, are "prevailing parties" within the meaning of section 1988. Absent spe-

---

**4.** Automatically awarding fees against any unsuccessful plaintiff would surely chill initiation of suits, a result counter to the vigorous enforcement of civil rights. *See Christiansburg Garment Co.,* 434 U.S. at 422, 98 S.Ct. at 700.

**5.** Defendants seem to assume that a court may find more than one prevailing party in an action—that is, that a dismissed defendant can prevail and recover fees, while his co-defendant

over whom a plaintiff won a verdict may have to pay plaintiff's fees. Perhaps special circumstances in some cases would justify consideration of such an approach. However, parsing individuals in an ordinary action not only seems beyond the contemplation of the fee statute, but a practice that would surely lead to unmanageable fee proceedings.

cial circumstances, fees under section 1988 should as a general matter be awarded to any prevailing plaintiff. *See Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (plaintiff obtained injunctive relief). The "generous formulation" of who is a prevailing plaintiff for the purposes of an award of attorney's fees typically includes plaintiffs who "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In order to meet this standard, a plaintiff need not succeed on every count or against every defendant, *see, e.g., id.; Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

Defendants contend that plaintiffs are not "prevailing parties" because they obtained a favorable verdict on only one claim against one defendant. As previously discussed, the complaint named ten defendants—seven police officers, two supervisory sheriffs, and the City—who were dismissed from the action at the close of plaintiffs' case. The plaintiffs' complaint also advanced a variety of constitutional and common law grounds for recovery that did not reach the jury. The jury did find, on the sole count of a section 1983 violation, for each plaintiff and against defendant Daddario in the full amount of each plaintiff's documented compensatory damages plus punitive damages.

■ In this particular case, the claims against the moving defendants were tightly intertwined with the section 1983 violation upon which both plaintiffs ultimately prevailed against defendant Daddario. Because I find that the allegations of plaintiffs' complaint arose from a common core of facts about plaintiffs' arrest and involved related legal theories, I conclude that each plaintiff's success on his section 1983 claim against defendant Daddario entitles him to a fee award under section 1988 as a prevailing party. In addition, I find that the results of this action—each plaintiff recovering an award of compensatory and punitive damages for his injuries—reveal a very substantial degree of success in this action when compared to the scope of the litigation as a whole. *Cf. Hensley,* 461 U.S. at 434–37, 440, 103 S.Ct. at 1939–41, 1943.

The first step in assessing proper fees under section 1988 is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.,* at 433, 103 S.Ct. at 1939. It is the task of the district court to determine what hours are supported by adequate documentation and to exclude from this initial fee calculation all hours that were not reasonably expended. *Id.* at 433–34, 103 S.Ct. at 1939.

■ Initially, the defendants object to the number of hours claimed by plaintiffs' attorney by repeating their contention that plaintiffs failed to "prevail" on all of their claims and against all of the defendants. Defendants contend that the plaintiffs' attorney must separate and exclude all work devoted to unsuccessful claims. As I have found that all the claims arose from the same facts and that the claims were closely related, I do not find such an artificial division justified or feasible in this case. Nor do the records of plaintiffs' attorney's time facially reveal excesses of time spent in pursuit of unrealistic or unreasonable efforts aimed solely at the unsuccessful theories or the dismissed defendants.[6]

---

**6.** In *Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), of thirty defendant police officers named in the complaint, seventeen were dismissed prior to trial, eight were cleared by the jury's verdict, and only five ultimately were held liable along with the city. Justice Powell, in a separate concurring opinion, cautioned district courts

> to be alert in a case such as this one to consider whether counsel, without adequate basis, may have included as defendants persons whose conduct was too peripheral to

support liability or even irrelevant to the substantive allegations of the complaint.... [A] wide difference between the number of defendants named and the number ultimately found to have any responsibility for the alleged injury could raise serious doubt as to whether counsel had reasonable grounds for suing certain defendants. Overstating the number of defendants readily could lead to inflation of billable hours and thus of the fee requested. Here, however, the District Court expressly found that "[u]nder the circum-

Similarly, I do not agree with defendants' second contention that the hours spent in preparation for non-binding arbitration must be excluded from reasonable time because of the plaintiffs' failure to prevail in the arbitration. The arbitration panel did address, among others in the complaint, the claim upon which plaintiffs ultimately prevailed.

Finally, defendants challenge the accuracy and adequacy of Mr. Cohn's time records as a basis for computing "reasonable" hours spent on plaintiffs claims. Defendants cite as an example Mr. Cohn's listing of half an hour on August 16, 1988 to review a document that defendants contend he did not receive until two days later. Defendants' Answer to Petition for Counsel Fees, ¶ 22. Defendants thus request the right to examine contemporaneously prepared time records and to have a hearing to explore the merits of Mr. Cohn's calculations. As the record does not reveal sufficient information to determine the reasonableness of plaintiffs' fee claim or of defendants' detailed objections, I will allow further submissions from the parties and refer this matter to Magistrate William F. Hall, Jr. for a hearing.[7]

The second factor in the lodestar equation is quantification of a reasonable hourly rate for plaintiffs' attorney. This rate should be in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). The fee applicant bears the burden of producing satisfactory evidence—in addition to the attorney's affidavits—of the reasonableness of the amount claimed. *Id.*

In the present case, Mr. Cohn has provided copies of his proposed fee agreements for a divorce and an estate matter, Petition, Exhs. D & E, but has not indicated his level of expertise or rates for a civil rights case. Nor does he allege any particular skill in the area of civil rights actions, claiming rather that he is a practitioner "specializing in diverse areas of litigation." Petition, ¶ 11. Mr. Cohn furnishes no evidence that the $175.00 per hour rate he claims for himself or the $90.00 per hour rate claimed on behalf of his associate James Gavin are the prevailing community rates for this type of work by attorneys of similar experience. As the record is insufficient to support adoption of plaintiffs' proposed rates, I will instruct the parties to address this issue in their additional submissions to Magistrate Hall.

Finally, although the basic lodestar factors remain undetermined, in the interests of judicial economy I will address the plaintiffs' additional request for a upward multiplier to be applied to the lodestar. Mr. Cohn first claims that the fact that there were two plaintiffs entitles him to a multiplier of two. I find no justification for the implied argument that counsel achieved results two times as great as the action. The case named and directly litigated the claims of both plaintiffs. It is apparent that counsel has documented all of the actual time that he has devoted to this action—e.g., interviews both with plaintiff Costello and with plaintiff Caponigro. Doubling the fee award would simply double count Mr. Cohn's hours.

Mr. Cohn's second argument is that the contingent nature of this case warrants an upward multiplier. However, there is nothing in this case, such as low probability of

---

stances of this case, it was reasonable for plaintiffs initially to name thirty-one individual defendants (thirty police officers and the chief of police.)"

*Id.* at 585 n. 2, 106 S.Ct. at 2690 n. 2 (Powell, J., concurring).

In the present case, plaintiffs prevailed against only one of the eleven defendants. However, like the district court in *Rivera,* I have concluded that it was not unreasonable for plaintiffs initially to have brought the action against all the named defendants.

7. A hearing will also allow careful examination of several other challenges that the defendants raise to specific claims by Mr. Cohn. For example, defendants seek to exclude all of Mr. Cohn's time devoted to obtaining a chiropractor's report that the court later refused to admit as an "expert report." Defendants also object to an hourly charge for an assistant who read in deposition testimony of an absent witness.

monetary results or delay, to suggest that counsel assumed any exceptional risk in accepting this action.[8] Absent any special circumstances affecting the normal risk of nonpayment, an upward adjustment of the lodestar for risk would improperly tamper with the reasonable result that the lodestar calculation was designed to achieve. *Cf. Pennsvlvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 3087–88, 97 L.Ed.2d 585 (1987) (discussing the § 1988 fee statute in context of interpreting § 304(d) of the Clean Air Act).

I conclude that neither the number of plaintiffs nor the contingent nature of the case justifies an upward multiplier. In addition, nothing in the record indicates that this case posed any issues of particular complexity or novelty, that it had an impact extending beyond the plaintiffs, or that plaintiffs' counsel exhibited any exceptional level of skill or achieved an exceptional recovery that would warrant an upward adjustment to the lodestar.

Consequently, I hold that plaintiffs are entitled to fees as prevailing parties, but request further input from the parties in order to determine the amount. The matter of the number of reasonable hours and the reasonable rate necessary to calculate the lodestar will be referred to Magistrate William F. Hall, Jr. for an evidentiary hearing and preparation of a report and recommendation.

*V. Plaintiffs' Delay Damages under Pennsylvania Rule of Civil Procedure 238*

 The last matter to be considered is plaintiffs' request for delay damages pursuant to Pennsylvania Rule of Civil Proce-

dure 238, 42 P.C.S.A. The rule provides in part:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damage for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury....

Rule 238(a)(1) (as amended Nov. 7, 1988). The damage award is calculated by applying a rate derived from the prime rate to the amount of compensatory damages for the period from the filing of the complaint to the rendering of a verdict; periods during which a specified type of settlement offer is pending from defendant and periods of delay caused by plaintiff are excluded from this time.

Rule 238 is a state rule promulgated by the Pennsylvania Supreme Court primarily to encourage settlement and relieve state court docket congestion. *See Jarvis v. Johnson*, 668 F.2d 740, 745 (3d Cir.1982). Because the rule has a collateral effect on substantive rights under state law, however, federal courts sitting in Pennsylvania are bound to apply it in diversity actions. *Id.* at 747. Plaintiffs contend that this obligation also extends to state claims before a federal court under pendent jurisdiction. They base their present claim for Rule 238 delay damages on the fact that their complaint originally stated a cause of action for assault and battery under state common law.[9]

Although plaintiffs' complaint stated several causes of action in addition to the federal section 1983 claim, the jury was instructed solely on the section 1983 claim. Some elements of assault and battery—state common law torts—were incorporated into the discussion of excessive force

---

**8.** Plaintiffs, in fact, signed a 40% contingent fee contract with Mr. Cohn. Of course, compensation of Mr. Cohn under § 1988 will mean that plaintiffs' recovery will not be reduced by counsel fees. *See Blanchard v. Bergeron*, —— U.S. ——, ——, 109 S.Ct. 939, 943, 103 L.Ed.2d 67 (1989).

**9.** Rule 238 does not apply to federal claims, such as the section 1983 count in this case, that are adjudicated in federal courts. It appears

that state courts are also barred from applying Rule 238 to at least some federal claims. *Cf. Monessen Southwestern Ry. Co. v. Morgan*, —— U.S. ——, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988) (state courts may not award prejudgment interest pursuant to Rule 238 in FELA action, where the proper measure of damages is inseparably connected with the right of action and is therefore a substantive issue governed by Congress).

presented as part of the civil rights charge, but no state law claim, as such, was presented to jury. Plaintiffs acquiesced in the final version of the jury instructions, objecting neither to the absence of a state claim nor to the absence of any specific instruction for a finding of delay damages. *See* Fed.R.Civ.Proc. 51; *Arkla Exploration Co. v. Boren,* 411 F.2d 879, 883 (8th Cir.1969) (party's failure to take exception to jury instruction stating a specific amount of damages waived right to prejudgment interest).

As plaintiffs have no state claim upon which to recover delay damages under Rule 238, I will deny the motion for delay damages.

An appropriate order follows.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED and DIRECTED that:

1) This court will not impose Rule 11 sanctions on Clifford Cohn, Esq.;

2) Defendants' petition for attorney's fees and costs is DENIED;

3) Plaintiffs' petition for attorney's fees and costs is GRANTED IN PART; the plaintiffs' fee petition is REFERRED to Magistrate William F. Hall, Jr. to set a briefing schedule, to conduct an evidentiary hearing, and to prepare a report and recommendation consistent with this opinion pursuant to 28 U.S.C. § 636(b);

4) Plaintiffs' petition for delay damages pursuant to Pennsylvania Rule of Civil Procedure 238 is DENIED.