George **BUZZERD** and Glenn Thornburg

v.

**EAST PIKELAND TOWNSHIP**, Scotty **Blevins**, and Suzette **Wilson**.

Civ. A. No. 90–1675.

United States District Court, E.D. Pennsylvania.

Aug. 27, 1990.

---

Eric B. Schnurer, Philadelphia, Pa., for plaintiffs.

Albert P. Massey, Jr., George B. Randolph, Lentz, Cantor, Kilgore & Massey, Ltd., Paoli, Pa., for defendants.

## MEMORANDUM

CAHN, District Judge.

The plaintiffs, proceeding under 42 U.S.C. § 1983, seek damages from the defendants, police officers and their employer, for alleged police brutality. The plaintiffs have also requested attorney's fees under 42 U.S.C. § 1988. The defendants have now moved for an order requiring counsel on both sides to submit their monthly invoices to the defendants' counsel under seal. This motion shall be denied.

The defendants cite no authority for this extraordinary request, and this court's research has found none. The defendants instead base their request upon a number of policy arguments. They maintain that submitting monthly invoices would encourage all counsel to maintain accurate and contemporaneous billing records, promote efficient lawyering, decrease the likelihood of frivolous work, eliminate the incentive to inflate billed hours, and conserve judicial resources. Defendants' Motion at 2.

These arguments lack merit. First, the defendants' proposal would, to be sure, encourage—indeed, compel—counsel to submit summaries of their records reasonably near when the records were made. However, there is already an adequate incentive to maintain accurate, contemporaneous records. As the Supreme Court has observed, "The party seeking an award of fees should submit evidence supporting the hours worked.... Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Indeed, some courts of appeal have held that counsel *must* keep contemporaneous time records if they desire fees under fee-shifting statutes or common fund allotments. *See, e.g., Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951–52 (1st Cir.1984); *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C.Cir.1982); *see also Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1094–95 (5th Cir.1982) ("While this circuit has not adopted such a rule, prudent counsel will adhere to that procedure."), *modified in part on other grounds*, 701 F.2d 542 (5th Cir.1983) (en banc).

Even where courts do not automatically disallow fee petitions for inadequate documentation, they routinely reduce the fee requests, often greatly. *See, e.g., Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1520 (9th Cir.1988); *Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967, 974 (4th Cir.1987); *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983); *Hinckley v. E.I. DuPont de Nemours & Co.*, 583 F.Supp. 11, 13 (E.D.Pa.1983). This court has done so recently. *Hann v. Housing Auth.*, No. 87–5278, slip op. at 7–9, 1990 WL 102804 (E.D.Pa. July 16, 1990) (25% reduction). The threat of disallowance or massive reduction should prove incentive enough to keep adequate records.

Second, submitting invoices would not promote efficient lawyering. Needless hours spent by plaintiffs' counsel can be challenged if a fee petition is filed in this case. *Hensley*, 461 U.S. at 422, 103 S.Ct. at 433; *Bell v. United Princeton Properties*, 884 F.2d 713, 719 (3d Cir.1989). The act of submitting a sealed invoice to the court cannot be expected to dissuade inefficiency when submitting a fee petition

would not. Indeed, the defendants' proposal is necessarily cost-ineffective; because the plaintiffs may recover fees only if they prevail, the monthly invoice submissions would prove an utter waste of time and resources if the defendants prevailed.[1] Third, the defendants' proposal would not decrease the likelihood that the parties would assert frivolous positions. Frivolity is already dealt with by Federal Rule of Civil Procedure 11. Because no sanctions would attach by means of the defendants' proposal, other than, ultimately, disallowance of fees, there is no added chance that frivolity would be avoided.

Fourth, the monthly invoices would not decrease the incentive to multiply hours billed. Presumably, an attorney who wishes to overbill will do so on every invoice. Moreover, counsel, as officers of this court, have an obligation to make only truthful representations to it. If the plaintiffs' counsel were to lie to this court in his fee petition, this court would act appropriately. Counsel unfazed by this court's potential sanctions would not be fazed by these monthly invoices. Fifth, and finally, submitting invoices would not conserve this court's time. If the defendants' counsel wishes this court to scrutinize the bills month by month, calling in counsel when any entry seems amiss, this court's time would be squandered wholesale—particularly when, as is the case here, there is no assurance that fees will ultimately be awarded. If the defendants' counsel instead would keep the unopened envelopes of invoices until a fee petition is filed, then this court's time is not saved in the least. I may add that this court's time has been

diverted from more significant matters by this motion.[2]

While this court wishes to avoid excessive attorney's fee awards, this inefficient, needless proposal is not the way to avoid them. The motion shall be denied.

---

1. Unless, of course, the defendants implicitly acknowledge that a fee petition will ultimately be filed here. Defendants' Memorandum at 2 ("This action will almost inevitably involve the filing of fee petitions by Plaintiffs' counsel ...").

2. Moreover, the defendants' motion is somewhat disingenuous. Although it refers repeatedly to a salutary effect on both sides, it is extremely unlikely that the *defendants'* fee records will be relevant. In contrast to the prevailing party standard used for plaintiff's fees, § 1988 fees may be awarded to a defendant only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700,

54 L.Ed.2d 648 (1978) (Title VII); *Unity Ventures v. County of Lake,* 894 F.2d 250, 253–54 (7th Cir.1990); *Coats v. Pierre,* 890 F.2d 728, 733 (5th Cir.1989); *Costello v. Daddario,* 710 F.Supp. 1035, 1039 (E.D.Pa.1989) (Pollak, J.). Thus, whatever constraining effect this proposal would have would, in all likelihood, act only against the plaintiffs and their counsel.

I also note that the request that this court order the plaintiffs' counsel to submit confidential documents to the defendants' counsel for safekeeping, albeit under seal, is peculiar. That would require that the plaintiffs place trust in the defendants that the defendants seem unwilling to place in the plaintiffs.